IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO C. SANCHEZ, | No. C 06-3222 MMC (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| F. JACQUEZ, | **(Docket Nos. 2 & 4)** |
| Respondent. | |

On May 15, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a finding by prison officials that petitioner was guilty of violating prison rules regarding mail. Petitioner claims his right to due process was violated because he is innocent of the charges in that he committed a "simple mistake and not a mail violation."

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

1  appears from the application that the applicant or person detained is not entitled thereto."
2  28 U.S.C. § 2243.
3       The records of the disciplinary proceedings challenged herein are attached to the
4  petition and reveal that petitioner was assessed a 30-day forfeiture of good time credits.
5  Because the discipline challenged in this case resulted in the loss of time credits, petitioner's
6  claims are properly brought in a petition for a writ of habeas corpus.  See Young v. Kenny,
7  907 F.2d 874, 876-78 (9th Cir. 1990).
8  B.    Legal Claim
9       Due process guarantees that certain procedures will be followed when prison officials
10 find an inmate guilty of violating prison rules.  See Wolff v. McDonnell, 418 U.S. 539, 556-
11 57, 571-72, n.19 (1974).  These procedures include notice of the charges at least 24 hours in
12 advance of the hearing, a written statement by the fact finders as to the evidence relied on
13 and reasons for the disciplinary action, permission to call witnesses and present documentary
14 evidence, and assistance from staff or another inmate where literacy or complexity of the
15 charges are factors.  Id.  In addition, due process requires that the discipline be supported by
16 "some evidence."  See Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999).
17      Petitioner does not claim that any of these procedures were not followed, or that the
18 conviction was not supported by at least some evidence.  Rather, petitioner's claim is that he
19 is innocent of the charges because his actions were a "simple mistake and not a mail violation
20 with security threats."  The fact that a prisoner may have been innocent of the charges does
21 not raise a due process issue, however; the Constitution demands due process, not error-free
22 decision-making.  See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v.
23 Hankins, 720 F.2d 863, 868 (5th Cir. 1983).  Accordingly, petitioner fails to state a
24 cognizable claim for the violation of his constitutional rights.
25      Although petitioner does not argue that procedural protections required by Wolff were
26 not followed, or that the discipline was not supported by some evidence, the Court
27 nonetheless has reviewed the records from the disciplinary proceedings, and finds the
28

1  requirements of due process were met.  Petitioner was given written notice of the charges
2  more than 24 hours in advance of the hearing, he was provided with a written statement of
3  the evidence and reasons for the discipline, and he waived the presence of witnesses; there
4  was no evidence that petitioner needed or requested inmate or staff assistance.  See Rule
5  Violation Report, March 23, 2005, at 1-2; Rule Violation Report, March 20, 2005, at 1-2.
6  Additionally, "some evidence" existed to support the finding that petitioner was guilty of the
7  charges.  The "some evidence" standard is met if there is any evidence in the record that
8  could support the conclusion reached by the disciplinary board.  See Hill, 472 U.S. 445, 455
9  (1985).[1]  Here, there was sworn testimony by a correctional officer that he found mail
10  addressed to petitioner and purportedly bearing an attorney's return address; that the word
11  "lawyer" was misspelled on the return address; and that when contacted by the officer, the
12  attorney denied sending the mail.  See Rule Violation Report, March 23, 2005, at 2; Rule
13  Violation Report, March 20, 2005, at 1-2.  The correctional officer further testified that when
14  he questioned petitioner about the mail, petitioner told him petitioner's mother had sent the
15  mail and used an attorney's return address.  See id.  According to the correctional officer,
16  because legal mail is handled differently than nonlegal mail, inmates have received smuggled
17  contraband in mail disguised as legal mail and, consequently, receiving mail with a false
18  return address of an attorney is a violation of prison rules prohibiting receipt of mail that
19  presents "a threat to institutional security."  See id.  Prison officials could conclude from the
20  foregoing evidence that petitioner violated prison rules regarding mail.  Indeed, petitioner did
21  not dispute any of the evidence presented, but instead asserted that his mother was unaware
22  she could not put the attorney's return address on the mail.
23       In sum, petitioner's assertion that he was innocent of violating prison rules does not

---

[1] Additionally, there must be some indicia of reliability as to the information that forms the basis for prison disciplinary actions.  See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987).  Here, there is no dispute as to the reliability of the evidence, either as to the envelope showing an attorney's return address or the officer's testimony regarding his conversations with the attorney and petitioner.  Cf. Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987) (addressing need for indicia of reliability when evidence relied upon is testimony of confidential informant).

state a cognizable due process claim.  Moreover, a review of the disciplinary records reveals that petitioner received the procedural protections required by due process and that the finding that he violated prison rules was supported by at least "some evidence." Accordingly, it is clear from the petition that petitioner is not entitled to habeas relief.

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is hereby DISMISSED for failure to set forth a basis for federal habeas relief.

In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket Nos. 2 and 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 26, 2006

_____
MAXINE M. CHESNEY
United States District Judge